UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROCHELLE ISOM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 01-4057-CV-C-5 NKL ) |
| MID-MISSOURI MENTAL HEALTH CENTER, | ) **JURY TRIAL DEMANDED** ) ) **ECF** |
| Defendant. | ) |

## ANSWER

COMES NOW Defendant, Mid-Missouri Mental Health Center, by and through counsel, and in answer to plaintiff's complaint, states as follows:

### Preface

Defendant denies each and every allegation of the complaint, except as expressly herein admitted, qualified, or otherwise answered, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation contained in any averment or in the complaint as a whole. Defendant also specifically denies any allegations contained in any headings, margins, prayers for relief, or unnumbered paragraphs.

### ANSWER

1. Defendant admits that the complaint seeks to invoke this Court's jurisdiction under Title VII, 42 U.S.C. § 2000e, but denies that the allegations contained in the complaint are sufficient to do so. Defendant admits that venue would be proper if plaintiff properly stated a claim for relief, but denies that plaintiff has stated a claim to invoke venue in the Court's jurisdiction.

1

2. Defendant admits that plaintiff is an African-American, adult female. Defendant is without sufficient information to admit or deny whether the plaintiff presently resides in Columbia, Missouri, and to that extent, denies the same.

3. Defendant admits that the Mid-Missouri Mental Health Center ("Health Center") is located at 3 Hospital Drive in Columbia, Missouri. Defendant also admits that the Health Center is an "employer," as defined in 42 U.S.C. § 2000e.

4. Defendant admits that plaintiff is a former employee of the Health Center, having been employed by the Health Center as a Custodial Worker I from March 15, 2000 to July 8, 2000. Defendant denies the remaining allegations contained in paragraph 4.

5. Defendant admits that the Equal Employment Opportunity Commission ("EEOC") issued plaintiff a right-to-sue letter and that plaintiff filed this lawsuit within ninety (90) days of the date on the right-to-sue letter. Defendant also admits that the EEOC adopted the findings of the Missouri Commission on Human Rights ("MCHR"), which rendered a decision of No Probable Cause. Defendant is without sufficient information to admit or deny whether plaintiff's charge of discrimination was timely filed, and to that extent, denies the same.

## JURY TRIAL DEMAND AND AFFIRMATIVE DEFENSES

Defendant hereby demands a jury trial on all issues triable before a jury.

Now, defendant, by and through counsel, in further response to plaintiff's complaint and without prejudice to previous denials, states the following:

1. Plaintiff's claims are barred by Eleventh Amendment immunity.

2. Plaintiff's claims are barred by sovereign immunity.

3. Plaintiff has failed to state a claim upon which relief can be granted and, thus, her

complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

4. Plaintiff failed to mitigate her damages.

5. All actions taken by defendant with respect to plaintiff were taken for legitimate, non-discriminatory reasons.

6. Any damages or injuries claimed by plaintiff are the result of her own actions and are not attributable to defendant.

7. Plaintiff is estopped from bringing this lawsuit by her own actions or inactions, which were inconsistent with her job duties and the performance of her job.

8. Defendant exercised reasonable care to prevent and correct any allegedly harassing behavior, while plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant to otherwise avoid harm.

9. In further defense, defendant incorporates by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case. Defendant specifically reserves the right to amend its answer to plaintiff's complaint to include affirmative defenses at the time they are discovered.

WHEREFORE, defendant respectfully requests that plaintiff's complaint be dismissed, that costs be assessed against plaintiff, and such other relief as this Court deems just and proper.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

/s/ Troy Allen
TROY ALLEN
Assistant Attorney General
Missouri Bar No. 51430

P.O. Box 899
Jefferson City, Missouri 65102
(573) 751-3321

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

_____The undersigned hereby certifies that a true and correct copy of the foregoing was mailed, postage prepaid, this 31st of May, 2001, to:

    Rochelle Isom
    603 Washington Avenue
    Columbia, Missouri 65201

                                        /s/ Troy Allen
                                        TROY ALLEN
                                        Assistant Attorney General